Killits, J.
The parties to this ease very eommenclably take advantage of the statute relative to agreed eases, and submit to the court whether or not the defendant has illegally drawn the sum of $202.50 as compensation as court bailiff or court constable while being at the same time a deputy sheriff. • Examiners sent by the auditor of state to Fulton county have reported against the defendant in this amount, and for the reason that defendant, while drawing this compensation as court bailiff, was deputy sheriff.
The law providing for an annual inspection of county offices may be regarded as a very salutary one, but its operation gives rise to unfortunate results and at times places honest people in very embarrassing positions. The public generally takes a report as practically a final judgment, conclusive against all *220 parties affected, foregetting that the examiners, as in this case, are not even lawyers, and have no special qualifications to pass upon the uncertain scope and meaning of our intricate and often contradictory statutes relating to fees. The result is, that popular clamor often ascribes dishonesty to those who have done absolutely nothing to forfeit public confidence. The fact is that the only function of these examinations and reports is to raise an issue upon debatable questions, to the end that uniformity of construction of the laws involved may be had over the state. The reports in fact are so much less than conclusive findings that they bind nobody and are nothing more than recommendations to the prosecuting attorney, who is charged with the duty of acting in behalf of the county treasury, directing his attention to matters of inquiry, and he may very properly ignore them, and should in fact ignore them, if they are at variance with his own honest view of the law.
In the particular, case at bar, the criticism is rather more against the court appointing Mr. Shaffer court constable then against him, for there is no question but that -he acted as such officer every day, for which he drew compensation under an appointment to such position from the court, and the issue is then, practically, who has the better construction of the law, the court appointing the defendant, or the non-lawyer examiners, who say that he could not be legally appointed court constable while filling the office of deputy sheriff.
The agreed statement of facts show that defendant was appointed a deputy sheriff in January, 1905, and that his office as deputy sheriff was at all times known to the judge appointing ‘him court constable, and that no compensation was paid him as deputy sheriff when he received pay in the capacity of court constable. These facts show that the good faith of defendant in this matter is absolute, and that the' only question raised is whether one man could at the same time hold these two positions.
After a very careful consideration of the law upon this question, this court has no hesitancy in saying that there is nothing in law or morals which prevents a man holding these positions *221 together and drawing compensation in both capacities, provided he does not draw double pay, and in this ease it is very plain that defendant did not draw double pay.
It was early settled at common law that it was not unlawful per se for a man to hold two offices; if the offices were incompatible with each other, that is, if the attempt to fill one disqualified the officer from performing the duties of the other, so that, for instance, in one position the officer was superior in functions to himself filling the other, as in the case of a man attempting to fill at one time the office of councilman and village clerk, then he could hold but one, but if the duties of one were not in conflict with the duties of the other, then both could be held. And it was early held that the'test of incompatibility was not that it was physically impossible for the officer to perform the duties of one office because he was at that time elsewhere performing the duties of the other, but the distinction was in an inconsistency in the functions of the offices, as in the example above given.
In Ohio, as in many other states, the common law rule has been modified by statute in some degree. Section 18, Revised Statutes, provides that no person shall at one time hold more than one of the several county offices therein named, and we have several sections dealing with specific offices prohibiting the holders thereof from holding anjr other offices of trust or profit in the state. But as to all offices not within these special prohibitions, the rules of the common law unquestionably obtain, and, in this particular the issue here is governed wholly by the common law.
Applying the rules of the common law, it seems perfectly clear that the defendant is entitled to retain the compensation he received as court baliiff or constable under the circumstances' shown in the agreed statement of facts; for, if the positions were incompatible, then that principle of the common law comes to the aid of the defendant and makes his compensation legal which provides that the appointment to, and acceptance of, a second office which is incompatible with the first, operate, ipso facto, is a resignation of the first; so that, assuming that these *222 two positions interfere with, each other, when Mr. Shaffer accepted the appointment.of court bailiff, he vacated his position of deputy sheriff, and therefore there can be no more reason to question his fee as court constable than if he were appointed deputy sheriff. I do not understand that there is any one who has the hardihood to claim that this common law principle is not the law of Ohio.
The fact is, however, that the two positions are not incompatible; they do not conflict with each other. There is no inconsistency between the two, which is the true test of incompatibility. The sheriff is the officer regularly appointed to impannel juries, and Section 1211, Revised Statutes, provides that he shall attend upon all sessions of this court. By necessary implication he is the executive officer of the court. Section 1209, Revised Statutes, gives him the power to appoint deputies, and, by Section 1210, Revised Statutes, the sheriff is made responsible for all the acts of his deputies. In these particulars the statutes but follow the common law, and there can be no question but that the further provisions of the common law, respecting the relations of the deputies to their principals and the public, are in force in Ohio’, and that the deputy sheriff can do nothing in his own name, has no power to act whatever save in the name of the sheriff, and that whatever he does, colore officii, is done by the sheriff. From this it follows that the deputy sheriff is not a public officer. lie does not come under the definition of a public officer as laid down by the Supreme Court in State v. Brennan, 49 Ohio St., 33; State v. Kendle, 52 Ohio St., 346; State v. Jennings, 57 Ohio St., 415, and State v. Mason, 61 Ohio St., 62. Section 533, Revised Statutes, provides that probate judges shall be ex-officio clerks of their courts, and that they may appoint deputy clerks. In Warwick v. State, 25 Ohio St., 21, the Supreme Court held that a deputy -clerk of the probate court was not an officer, and the reasoning of the ease,- especially 'in the ligjit of- the later cases above cited, certainly applies to deputy sheriffs as to the point that they are not-public officers.
Section 533, Revised Statutes, provides that the court may appoint for the time being- one or more court- constables, “to" *223 preserve order and to discharge other duties as the court requires, and when so directed by the court shall have the same power to call and impannel jurors which by law the sheriff of the county has, except in capital cases.” It is obvious that the sheriff may be required by the court to perform every duty which the court may impose upon a court constable. That obligation is necessarily involved in the provision, above quoted, that the sheriff shall attend the common pleas court, and' whatever the sheriff may do in person he may do by deputy. Hence, instead of there being an incompatibility between the positions of the court constable and deputy sheriff, there is perfect harmony; as far as the constable has functions and responsibilities to the court, they are the same in kind with those of a deputy sheriff.
The compensation of the deputy sheriff does not come out of the public treasury under the law now in force, soon to be superseded by the salary law; it is paid by the sheriff, but even under the new law as it will, work in Fulton county and every other small county, until population and court business becomes very much greater than it is likely to be here for many years, the deputy’s compensation will practically come out of the sheriff’s pocket; that is, whatever the deputy gets out of the county treasury will to that extent diminish the sheriff’s salary, and under the new salary- law it is possible for the same person to be deputy sheriff and court constable and draw pay in both capacities, provided he is not paid twice for the same service. ' -
It seems reasonable to assume that the Legislature, in passing the court constable act, intended to relieve the sheriff in some measure of the full obligation involved in the provision that he should attend the sessions of the court, and of the necessity of appointing deputies at all, and their number in left entirely to his judgment. These two conclusions suggest to us that the obligationon the sheriff’s part to attend the court is personal to him, to be exercised in harmony -with the other duties of his office, and that he may not be compelled, at his personal expense, to be present at all'sessions by deputy, when the exigencies *224 of his public seryice call him personally elsewhere. If that were the case, there certainly would be no reason for the court constable act.
F. H. Wolf, Prosecuting Attorney, and C. C. Handy, for plaintiff. , "
Files & Paxson and Ham, Ham & Ham, contra.
The consequence of this reasoning is that Mr. Shaffer, holding the appointment of deputy sheriff, was not, ipso facto, required to present himself to the court, at the expense of the sheriff, in that capacity, and that court might very properly appoint him court constable and direct, as was done, that he receive • the statutory compensation for such service. Of course, if it appeared that the sheriff had undertaken to send Mr. Shaffer to the court as deputy sheriff, to serve in the place of the sheriff, he could not legally, on such oceassions, receive pay as constable. Under no circumstances could he receive double pay, but the agreed facts in this case show that at no time while he was acting as court constable did the defendant receive compensation as deputy sheriff.
Our conclusion is, therefore, that -the same person may at the same time hold both of these positions, neither of which is a public office, as that term is known to the law, and that such incumbent may lawfully receive the emoluments peculiar to each, provided he be not paid twice for the same service, and that, in this case, the judgment be for the defendant, that his drafts from the county treasury under the circumstances shown in the agreed. statement of facts were entirely lawful, and that the costs of this action be paid out of the county treasury.
Our conclusion in this behalf, is in our judgment not only fully supported by the foregoing reasoning, but is otherwise necessary upon the several additional reasons offered, and supported by numerous authorities cited by counsel for defendant.